———————o———————

No. 3883.

(Court of Appeal, Parish of Orleans.)

MRS. FANNIE KIEFER, Widow of Charles Newman vs. JAMES L. BRADFORD.

1. In a sale of real estate and improvements, the word "improvements" means those things that are either immovable by their nature or immovables that have been so affixed to buildings or

premises as to render them actually a part of it or to make their separation or severance from the same impossible except by breaking, cutting or otherwise destroying the parts of the building or premises to which they have been attached.

2. If such latter immovables, like gas chandliers are removable without injuring the immovable pipes in the building to which they are attached, the same cannot be considered as an improvement

forming part of the immovable.

Appeal from Civil District Court, Division "B."

I. R. Saal, for Plaintiff and Appellee.

Richardson & Soule, for Defendant and Appellant.

ESTOPINAL, J.   Defendant sold to plaintiff a certain piece of property on St. Charles avenue, in this city, as evidenced by an act of sale found in the record, passed before Fred C. Marx, Notary Public, for the price and sum of thirty thousand dollars.   After the sale was completed the defendant removed from the residence sold certain articles, to-wit:

One bath tub, and one stationary wash-stand, one filter, certain chandliers, and certain gas fixtures, for the possession of which or the value thereof, plaintiff sues.

There was judgment below in favor of plaintiff, from which defendant prosecutes this appeal.

The case was argued before us with much ability, indicating much research and careful study by counsel on both sides.

Plaintiff's contention is that ownership of the articles above enumerated passed to her by the terms of the act of sale conveying the property, these articles covered by the clause in the act which recites:   "The property hereinabove sold is all that tract of land etc. etc. etc., *with the building and improvements thereon."*

Defendant contends that the sale was one of real estate, and did not carry with it the articles claimed by plaintiff, they being movable.   The issue presented is one of mixed law and fact.

At the outset it may be laid down as elementary that improvements include not only those on the land consisting of buildings, fences, etc., but the improvements within the buildings

as well, provided, however, that these be so affixed to the building as to render them part of it, and making their separation or severance from the same impossible except by breaking, in other words, objects movable in themselves, which have, by destination, become immovable.

It is settled that pipes which pass through walls or are made to adhere to a structure by means of plastering, and which can only be removed by breaking the plaster, becomes immovable by destination. It follows that anything so attached to such pipes as to necessitate the cutting or wrenching of the *pipes* or *connection,* also becomes immovable.

It has been held that an object which is screwed to such pipes and may be removed by unscrewing, is a movable.

We find the act of sale herein to be the usual ordinary instrument conveying real estate, without any special nor ambiguous reservation or clause requiring interpretation. The act is one conveying and intended to convey real estate. There is no dispute on this point.

Nothing remains therefore for this Court to determine but the question, "which of the articles already enumerated were movable, and which were immovable?"

Plaintiff directs our attention to the case of Bagely vs. Rose Hill Sugar Company, III La. 249.

We do not think this case can be said to apply to the issues involved here, and a decision here be predicated thereon.

This was the sale of a sugar plantation, and the law applicable to the sale of such property does not apply to the sale of a town lot and dwelling house.

Plaintiff cites also a case decided by this Court, McGuigan vs. Boyle, in which the Court said that an act of sale containing the declaration: "A certain lot of ground with all the buildings thereon" did not convey the chandeliers and gas fixtures.

Counsel argues that the absence of the word *Improvements* in the case just referred to, is what prompted this Court to decide as it did.

If this were so, there would be no necessity to do else than dismiss this case without comment at all.

We are convinced however, that the word *"improvement"* which plaintiff urges covers the chandeliers and other articles which she claims, was not a factor in the decision of the McGuigan case, the same being based on the idea that it was a sale of real estate, and that movables did not pass with the deed.

Counsel for plaintiff has directed our attention to a number of cases decided in other States of kindred subjects, but our examination of these lead us to the conclusion that they have no application here. Most of them refer to leases of stores and hotels, or sales of such establishments, and the acts contain both the words *improvements and appurtenances.* It may not be doubted that in the lease of a store or hotel together with all *improvements and appurtenances* thereunto belonging, certain movables necessary for a hotel and store, and appurtenant thereto, would pass with the deed even in this state. But we are not concerned with questions which are not involved here.

Defendant cites the case of L'hote vs. Fulham, 51 A. 781.

This was a sale of land, buildings and improvements, under a foreclosure sale. True the Court decided that, there being no chattel mortgages in this state, the operation of the mortgage could not affect the movables, such as chandeliers and other fixtures attached to pipes which are themselves considered immovables by destination.

We appreciate that the issues involved in the L'hote case are far from being identical with those of the instant case, but we do find that the status of certain fixtures identical with some sued for here is fixed, and they are dominated as movables.

Both this Court and the Supreme Court having decided that chandeliers and gas fixtures when screwed to pipes, which themselves are immovable by destination, are movables, and as the sale of real estate can only inclule the land and improvements which are immovable or become so by destination, it follows that movables do not pass with the realty in the absence of a special clause in the act.

354

The testimony shows that the chandeliers, gas fixtures and the filter, were screwed, and could be diconnected without injury to the building. Under our jurisprudence these are movables.

We conclude, from our appreciation of the testimony, that the bath-tub and the wash-stand became immovables by destination.

These articles appear to have been connected to pipes which themselves had become immovables by destination, and that it was necessary, in order to move the bath-tub and wash-stand, to cut and seriously injure the lead pipe connection attaching them to the premises.

We believe the articles of the Code (C. C. 469), applies here. It reads:

"The owner is supposed to have attached to his tenement or building forever, such movables as are fixed to the same with plater or mortar, or such as cannot be taken off without being *broken* or *injured,* or without breaking or injuring the part of the building to which they are attached. The sawing of the lead pipes connecting, in our opinion, constitutes a breaking or injury intended by the terms of the Articles of the Code. For the reasons assigned, it is .therefore ordered, adjudged and decreed, that the judgment of the District Court insofar as it awards to planitiff the chandeliers, gas fixtures, and filter, be avoided and reversed, and it is now ordered and decreed, that defendant, James L. Bradford, appellant, is the rightful owner, and do have and recover said chandeliers, gas fixtures and filter, and as amended, the judgment of the lower Court is affirmed.

The costs .of the lower Court to be taxed to defendant and appellant, and those of this Court to plaintiff and appellee.